ELECTRONICALLY FILED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION
CASE NO.: 21-cv-_____

BRIAN ELKINS                                                                            PLAINTIFF

v.                              **NOTICE OF REMOVAL**

EXTREME PRODUCTS GROUP, LLC; ELITE
FITNESS; DUNHAM'S ATHELEISURE
CORPORATION; JAMES RIVER INSURANCE
COMPANY; and, LORRAINE BOTELLO                                                          DEFENDANTS

* * * * * * * * * * * * * * * * *

Defendant, Extreme Products Group, LLC, for its Notice of Removal from the Madison Circuit Court, Division II, to the United States District Court for the Eastern District of Kentucky, London Division, state as follows:

1. On January 29, 2021, Brian Elkins (hereinafter "Plaintiff"), filed a Complaint in the Madison Circuit Court styled, *Brian Elkins v. Extreme Products Group, LLC, et al*, Commonwealth of Kentucky, Madison Circuit Court, Div. II, Case no. 21-CI-00049.

2. The Complain/t alleges Defendants were grossly negligent, and/or strictly liable in promoting, designing, manufacturing, distributing, installation, and/or servicing an inversion table utilized by the Plaintiff; and, breach of implied warranty concerning the same. Plaintiff seeks to recover compensatory damages for medical expenses, loss sustained, pain and suffering, and mental and emotional anguish, physical injury, as well as punitive damages and exemplary damages for gross negligence and/or intentional acts against Defendants.

3. Extreme Products Group, LLC was constructively served with the Summons and the

Complaint, by on or about January 29, 2020, via the Kentucky Secretary of State. Summons was received by Extreme Products Group, LLC on February 22, 2021.

4.  Elite Fitness was constructively served with the Summons and the Complaint, on or about January 29, 2021, via the Madison Circuit Court's appointment of a Warning Order Attorney.

5.  Dunham's Athleisure Corporation's registered agent was served with the Summons and the Complaint, on or about February 2, 2021, via Corporation Service Company, 421 West Main Street, Frankfort, KY 40601.

6.  James River Insurance Company was constructively served with the Summons and the Complaint, by on or about January 29, 2020, via the Kentucky Secretary of State. Summons was received by James River Insurance Company on February 22, 2021.

7.  Lorraine Botello Company was constructively served with the Summons and the Complaint, by on or about January 29, 2020, through James River Insurance Company, via the Kentucky Secretary of State. Summons was received by Lorraine Botello on February 22, 2021.

8.  This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §1332 based upon diversity jurisdiction.

9.  According to the Complaint, Plaintiff is a resident and citizen of the Commonwealth of Kentucky.

10. Defendants, are a foreign entities and/or non-citizens of the Commonwealth of Kentucky, or otherwise fails to identify any principal place of business or residence within the Commonwealth of Kentucky for each named Defendant. *See* Plaintiff's Complaint at ¶¶ 2-6. Extreme Products Group, LLC is a foreign limited liability company and none of its members are citizens or residents of Kentucky.

11. Pursuant to 28 U.S.C. §1441(a), "any civil action brought in a State court of which the

district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." The Circuit Court of Madison County, Kentucky is located within the jurisdiction of the United States District Court for the Eastern District of Kentucky, London Division. Therefore, venue is proper in this Court and division pursuant to 28 U.S.C. §1441(a).

12. Based upon the allegations raised in the Complaint attached hereto, including Plaintiff's demand for punitive damages, this matter in controversy exceeds $75,000.00 in damages, exclusive of interest and costs. *See* Plaintiff's Complaint.

13. Pursuant to 28 U.S.C. §1332(a), this Court has jurisdiction over this action because it is facially apparent from Plaintiff's Complaint that Plaintiff is seeking damages in excess of the jurisdictional amount in controversy. In a December 2020 correspondence to one of Defendants which served as first notice of this claim, provided a "Damages Summary" itemizing Plaintiff's claimed damages at $375,205.90. 28 U.S.C. § 1441(a) provides that "any civil action brought in state court which the district courts have original jurisdiction may be removed by the defendant . . . to the district court of the United States for the district embracing the place where such action is pending." Federal District Courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost, and is between . . . citizens of different states." 28 U.S.C. §1332(a). When determining whether a case meets the jurisdictional requirement for purposes of removal, courts should consider "whether it is 'facially apparent' from the complaint that the damages are 'likely above' the jurisdictional amount in controversy." *Rotschi v. State Farm*, 114 F.3d 1188, 1188 (6th Cir. 1997). Accordingly, the amount in controversy requirement is satisfied. *See* 28 U.S.C. §1332(a).

Plaintiff seeks punitive and compensatory damages as well as attorney fees. Thus, it is facially apparent that Plaintiff is seeking damages in excess of the jurisdictional amount. *See* Plaintiff's Complaint.

14.     This Notice of Removal has been filed within thirty (30) days of the date when the action became removable as required by 28 U.S.C. §1446(b). This Notice of Removal is further consistent with 28 U.S.C. §1446(b) in that it has been filed within one year after the commencement date of this action.

15.     Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served upon Defendants in the State Court Action are attached to this Notice as Exhibit "A."

16.     Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is being served upon all parties and a copy is being filed with the Circuit Court of Madison County, Kentucky.

17.     Because 28 U.S.C. §1332(a) confers federal subject matter jurisdiction over this action, removal of this action to this Court is proper pursuant to 28 U.S.C. §1441.

**WHEREFORE**, Defendant, Extreme Products Group, LLC, gives Notice of the removal of this action from the Circuit Court of Madison County, Kentucky, to the United States District Court for the Eastern District of Kentucky in the London Division.

        Respectfully submitted,

        QUINTAIROS, PRIETO, WOOD & BOYER P.A.

        */s/ Donald L. Miller, II*
        Donald L. Miller, II
        Justin T. Baxter
        2452 Sir Barton Way, Suite 300
        Lexington, Kentucky 40509
        dmiller@qpwblaw.com
        Justin.Baxter@qpwblaw.com
        Telephone:  (859)226-0057
        Facsimile:  (859)226-0059

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 22, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I additionally certify that a true and accurate copy of the foregoing was served via electronic mail on the 22nd day of February, 2021, upon:

Robert A. Morrin
Morrin Law Office
214 W. Main St.
Richmond, KY 40475
morrinlaw@gmail.com

Matthew J. Perry
James D. Lamp
LAMP BARTRAM LEVY
TRAUTWEIN PERRY &
POWELL, LLC
720 Fourth Ave.
P.O. Box 2488
Huntington, WV 25725-2488

        */s/ Donald L. Miller, II*
        COUNSEL FOR DEFENDANT,
        EXTREME PRODUCTS GROUP, LLC