Filed 21-CI-00049 01/29/2021 David M. Fernandez, Madison Circuit Clerk

NOT ORIGINAL DOCUMENT
02/02/2021 09:38:43 AM
48398

COMMONWEALTH OF KENTUCKY
MADISON CIRCUIT COURT
DIVISION __
CIVIL ACTION NO. 21-CI-_____

*(ELECTRONICALLY FILED)*

BRIAN ELKINS                                                                                          PLAINTIFF

VS.

EXTREME PRODUCTS GROUP, LLC

    Serve:    Via Kentucky Secretary of State, KRS 454.210
                 C/O Corporation Services Company
                 2711 Centerville Road
                 Wilmington, DE 19808

-And-

ELITE FITNESS

    Serve:    Via Warning Order Attorney

-And-

DUNHAM'S ATHLEISURE CORPORATION

    Serve:    Via Certified Mail
                 C/O CT Corporation System
                 306 W Main Street
                 Suite 512
                 Frankfort, KY 40601

-And-

JAMES RIVER INSURANCE COMPANY

    Serve:    Via Kentucky Secretary of State, KRS 454.210
                 6641 West Broad Street
                 Suite 300
                 Richmond, VA 23230

-And-

Presiding Judge: HON. JEAN C. LOGUE (625304)

COM : 000001 of 000008

Filed 21-CI-00049 01/29/2021 David M. Fernandez, Madison Circuit Clerk

Case: 5:21-cv-00050-DCR-MAS Doc #: 1-4 Filed: 02/22/21 Page: 2 of 8 - Page ID#: 13
Filed 21-CI-00049 01/29/2021 David M. Fernandez, Madison Circuit Clerk

NOT ORIGINAL DOCUMENT
02/02/2021 09:38:43 AM
48398

| LORRAINE BOTELLO | DEFENDANTS |
|---|---|

    Serve:    Via Kentucky Secretary of State, KRS 454.210
C/O James River Insurance Company
P.O. Box 27648
Richmond, VA 23261

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**COMPLAINT**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Comes the Plaintiff, Brian Elkins, by counsel, and for his COMPLAINT against the Defendants, Extreme Products Group, LLC, Elite Fitness, and/or Dunham's, states the following:

**PRELIMINARY ALLEGATIONS**

1.    That on January 29, 2020, the Plaintiff, BRIAN ELKINS (hereinafter "Plaintiff"), was a resident of Berea, Madison County, Kentucky.

2.    The Defendant, Extreme Products Group, LLC, is incorporated in the State of Delaware. It is and was at all times relevant hereto a foreign limited liability corporation doing business in the State of Kentucky, with a principal office located at 11225 N28th Dr., Suite D116, Phoenix, AZ 85029, having Corporation Service Company, 2711 Centerville Road, Wilmington, DE 19808 as its agent for service of process with the Arizona Corporation Commission.

3.    The Defendant, Elite Fitness, is a subsidiary or manufacturer or has another relationship with the Plaintiff and/or Defendants. Elite Fitness is named on the inversion table's owner's manual, but does not provide contact information. They are not registered with the Kentucky Secretary of State and they do not have an agent for service of process registered with the Kentucky Secretary of State.

Presiding Judge: HON. JEAN C. LOGUE (625304)

COM : 000002 of 000008

Filed 21-CI-00049 01/29/2021 David M. Fernandez, Madison Circuit Clerk
NOT ORIGINAL DOCUMENT
02/02/2021 09:38:43 AM
48398

4. The Defendant, Dunham's Athleisure Corporation (hereinafter "Dunham's"), is incorporated in the State of Delaware. It is and was at all times relevant hereto a foreign corporation licensed to do business and doing business in the State of Kentucky, with a principal office located at 5607 New King Drive, Suite 125, Trpy, (believed to be intended to be Troy) MI 48098, having CT Corporation System, 306 West Main Street, Suite 512, Frankfort, KY 40601 as its agent for service of process with the Kentucky Secretary of State. Dunham's Athleisure Corporation has an Assumed Name of Dunham's Sports.

5. The Defendant, James River Insurance Company, is an insurance company believed to be authorized to provide insurance in the Commonwealth of Kentucky, who has conducted business in the Commonwealth of Kentucky, and insured Extreme Products Group, LLC, who designed, manufactured, distributed, sold and/or maintained the inversion table on which Plaintiff was injured.

6. The Defendant, Lorraine Botello, is an insurance adjuster licensed with the Kentucky Department of Insurance, and employed by James River Insurance Company.

7. The Statute of Limitations in this case has not run.

8. The Madison Circuit Court has jurisdiction over this matter, pursuant to KRS 23A.010, as the amount in controversy exceeds the jurisdictional minimum.

9. Venue is proper in Madison Circuit Court because the injuries alleged herein occurred within the boundaries of Madison County, Kentucky as a result of technology owned, controlled, managed, operated, maintained, and/or manufactured by Defendants Extreme Products Group, LLC, Elite Fitness, and/or Dunham's.

Presiding Judge: HON. JEAN C. LOGUE (625304)

COM : 000003 of 000008

Filed 21-CI-00049 01/29/2021 David M. Fernandez, Madison Circuit Clerk

10. The Plaintiff is entitled to recovery punitive damages against the Defendants, James River Insurance Company and Lorraine Botello, pursuant to KRS 411.186 and KRS 411.184, and hereby claims the same.

## COUNT I: NEGLIGENCE OF DEFENDANTS EXTREME PRODUCTS GROUP, LLC, ELITE FITNESS, AND/OR DUNHAM'S

11. The Plaintiff, hereby reaffirms, reiterates, and incorporates all of the allegations previously stated as if they had been fully stated herein.

12. At all times mentioned herein, Defendants Extreme Products Group, LLC, Elite Fitness, and/or Dunham's acting by and through their employees or authorized agents who were there and then acting within the scope of their employment or authority, designed, manufactured, distributed, sold and/or maintained technology used in an inversion table, model number IT9310-E (the "inversion table"), for use by persons looking to "relieve back pressure, elongate the spine, increase blood circulation, reduce negative effects of gravity, promote stretching, improve posture, relieve muscle aches, and relieve stress."

13. Prior to January 29, 2020 and at all relevant times herein, Defendants Extreme Products Group, LLC, Elite Fitness, and/or Dunham's and/or their respective predecessors in interest, all acting through their employees or authorized agents within the scope of their employment or authority, designed, manufactured, distributed, sold and/or maintained technology used in the inversion table.

14. Sometime prior to January 29, 2020, the Plaintiff, Brian Elkins, purchased said inversion table from a Dunham's store located in Richmond, Kentucky.

4

15. While using the inversion table on or about January 29, 2020, the Plaintiff was severely and permanently injured when a piece of inversion table suddenly and without warning broke while the Plaintiff was using it, causing him sudden pain and serious, permanent injury.

16. Defendant Extreme Products Group, LLC owed a duty to the public generally, and to the Plaintiff specifically, to design, manufacture, distribute, sell and/or maintain their products in a reasonable and prudent manner.

17. Defendant Elite Fitness owed a duty to the public generally, and to the Plaintiff specifically, to design, manufacture, distribute, sell and/or maintain their products in a reasonable and prudent manner.

18. Defendant Durham's owed a duty to the public generally, and to the Plaintiff specifically, to design, manufacture, distribute, sell and/or maintain their products in a reasonable and prudent manner.

19. Defendant Extreme Products Group, LLC deviated from acceptable standards of care expected of reasonably prudent companies under the same or similar circumstances in the manner in which it promoted, designed, manufactured, distributed, installed, and/or serviced the inversion table.

20. Defendant Elite Fitness deviated from acceptable standards of care expected of reasonably prudent companies under the same or similar circumstances in the manner in which it promoted, designed, manufactured, distributed, installed, and/or serviced the inversion table.

21. Defendant Durham's deviated from acceptable standards of care expected of reasonably prudent companies under the same or similar circumstances in the manner in which it promoted, designed, manufactured, distributed, installed, and/or serviced the inversion table.

22. Said deviations were a substantial factor in causing Plaintiff's damages.

23.     Defendants Extreme Products Group, LLC, Elite Fitness, and Durham's are liable to Plaintiff for damages under the cause of action of negligence.

## COUNT II: STRICT LIABILITY IN TORT OF DEFENDANTS EXTREME PRODUCTS GROUP, LLC AND/OR ELITE FITNESS

24.     The Plaintiff hereby reaffirms, reiterates, and incorporates all of the allegations previously stated as if they had been fully stated herein.

25.     The inversion table, as manufactured by Defendants Extreme Products Group, LLC, and/or Elite Fitness, was defective and unreasonably dangerous such that a reasonably prudent company would not have sold them in that fashion.

26.     Defendants Extreme Products Group, LLC, and/or Elite Fitness are liable to the Plaintiff for damages under the cause of action of strict liability in tort.

## COUNT III: BREACH OF IMPLIED WARRANTY

27.     The Plaintiff hereby reaffirms, reiterates, and incorporates all of the allegations previously stated as if they had been fully stated herein.

28.     At all times relevant herein, Defendants Extreme Products Group, LLC, Elite Fitness, and Durham's were merchants with respect to the fitness equipment they sold to the public at large.

29.     Defendants Extreme Products Group, LLC, Elite Fitness, and Durham's distribution and/or sale of faulty and/or defective fitness equipment, specifically an inversion table, constituted a breach of the implied warranty of merchantability of said inversion table and as such violated KRS 217.

Filed 21-CI-00049 01/29/2021 David M. Fernandez, Madison Circuit Clerk

NOT ORIGINAL DOCUMENT
02/02/2021 09:38:43 AM
48398

30. As a direct and proximate result of Defendants' Extreme Products Group, LLC, Elite Fitness, and Durham's breach of implied warranty of merchantability, Plaintiff suffered those harms as outlined in the Complaint.

31. The warranty of merchantability is implied unless expressly disclaimed by name, or the sale is identified with the phrase "as is" or "with all faults." To be "merchantable," the goods must reasonably conform to an ordinary buyer's expectations, i.e., they are what they say they are.

**WHEREFORE,** the Plaintiff prays as follows:

1. For judgment in favor of the Plaintiff, Brian Elkins, and against the Defendant, Extreme Products Group, LLC, in a fair and reasonable amount for Compensatory and Punitive damages, in a sum in excess of the minimum jurisdictional limits of this Court;

2. For judgment in favor of the Plaintiff, Brian Elkins, and against the Defendant, Elite Fitness, in a fair and reasonable amount for Compensatory and Punitive damages, in a sum in excess of the minimum jurisdictional limits of this Court;

3. For judgment in favor of the Plaintiff, Brian Elkins, and against the Defendant, Dunham's Athleisure Corporation, in a fair and reasonable amount for Compensatory and Punitive damages, in a sum in excess of the minimum jurisdictional limits of this Court;

4. For judgment in favor of the Plaintiff, Brian Elkins, and against the Defendant, James River Insurance Company, in a fair and reasonable amount for Compensatory and

Filed 21-CI-00049 01/29/2021 David M. Fernandez, Madison Circuit Clerk

Presiding Judge: HON. JEAN C. LOGUE (625304)

COM : 000007 of 000008

Punitive damages, in a sum in excess of the minimum jurisdictional limits of this Court;

5. For judgment in favor of the Plaintiff, Brian Elkins, and against the Defendant, Lorraine Botello, in a fair and reasonable amount for Compensatory and Punitive damages, in a sum in excess of the minimum jurisdictional limits of this Court;

6. For a **JURY TRIAL** upon all issues so triable;

7. For interest at the maximum legal rate until said judgments are paid in full by Defendants;

8. Summons to issue as directed in the caption;

9. For Plaintiff's Attorney Fees and court costs herein expended;

10. For any and all other relief to which Plaintiff may appear entitled.

Respectfully Submitted,

MORRIN LAW OFFICE

/s/Robert A. Morrin
Hon. Robert A. Morrin (KBA #94368)
214 West Main Street
Richmond, Kentucky 40475
Telephone: (859) 358-0300
*Attorney for Plaintiff*