UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| BRIAN ELKINS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 21-050-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| EXTREME PRODUCTS GROUP, LLC, et al., | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Brian Elkins filed this action in Madison Circuit Court on January 29, 2021. He seeks damages for alleged injuries he suffered while using a piece of exercise equipment. [Record No. 1-4]  Elkins named the equipment's manufacturer, retailer, and his insurer as defendants.  [*Id.*]  The manufacturer timely removed the action to this Court and the plaintiff responded with a motion to remand.  The motion to remand will be denied because diversity jurisdiction is proper under 28 U.S.C. § 1332.

Additionally, the insurer defendants have filed a motion to dismiss for failure to state a claim and Elkins has sought leave to amend his Complaint.  Because the plaintiff will be permitted to amend his Complaint under Rule 15(a)(2) of the Federal Rules of Civil Procedure, the insurer defendants' motion to dismiss will be denied, as moot.

I.      **Motion to Remand**

District courts have original diversity jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $ 75,000, exclusive of interests and costs.  28 U.S.C. § 1332(a).  When such an action is filed in state court, a defendant may

remove it to the district court embracing the place where the action is pending.  28 U.S.C. § 1441(a).  A removing defendant must satisfy the court that the jurisdictional amount in controversy is met.  28 U.S.C. § 1446(c)(2)(B).  Additionally, "[i]f at any time before final judgment it appears that the district court *lacks subject matter jurisdiction*, the case shall be remanded."  28 U.S.C. § 1447(c) (emphasis added).

Defendant Extreme Products Group, LLC ("Extreme"), removed the present action to this court based on diversity jurisdiction on February 22, 2021.  [Record No. 1]  The notice of removal asserts that the parties are diverse.  [*Id.* at p. 2]  Extreme also argues that the amount in controversy exceeds $ 75,000, exclusive of interests in costs.  It relies on the allegations in the Complaint, as well as a pre-litigation settlement demand from Elkins of $ 375,205.90.  [*Id.* at p. 3] Extreme also specifically notes that Elkins' demand for punitive damages and attorneys' fees makes it "facially apparent that Plaintiff is seeking damages in excess of the jurisdictional amount."  [*Id.* at p. 4]

Elkins motion to remand was filed on March 10, 2021.  [Record No. 12] He acknowledges that the prior demand was well in excess of the jurisdictional threshold but contends that figure was merely an estimate of his damages that was not intended to be used in litigation and was not pleaded in his Complaint. [*Id.* at p. 2]  To assure the Court that the amount in controversy is not satisfied, Elkins attached a stipulation and itemization of the damages he seeks in this action.  [*Id.*; Record No. 12-2] The itemized damages total $70,461.10 for medical costs, pain and suffering, and travel costs.  [*Id.*]  The stipulation states that Elkins "shall not accept damages in excess of $ 74,999.99, if so awarded."  [Record No. 12-2]  Thus, the plaintiff contends that this Court is without subject-matter jurisdiction because the amount in controversy does not exceed $ 75,000.  *See* 28 U.S.C. § 1332(a).

Based on the stipulation, the defendants filed a joint response, indicating that they do not oppose the motion to remand. [Record No. 18] They contend that the stipulation "operates as an express waiver by the Plaintiff and counsel and is binding and conclusive" of the amount in controversy. [*Id.* at ¶ 4] But the fact that the amount in controversy has been stipulated does not necessarily divest this Court of subject matter jurisdiction.

Generally, "jurisdiction is determined as of the time of removal," and "events occurring after removal that *reduce* the amount in controversy do not oust jurisdiction." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000) (emphasis added). When a plaintiff attempts to stipulate that his damages are less than the jurisdictional amount, this Court asks whether the stipulation reduces the amount in controversy or merely clarifies that it was never greater than $ 75,000. *See Tankersley v. Martinrea Heavy Stampings, Inc.*, 33 F. Supp. 3d 775, 778 (E.D. Ky. 2014). A stipulation that purports to reduce the amount in controversy does not require a remand because the Court's subject matter jurisdiction has already been established. Conversely, where a stipulation is the plaintiff's "first specific statement of the alleged damages[,] then it is considered a clarification, rather than a reduction, and the case may be remanded." *Tankersley*, 33 F. Supp. 3d at 780 (citing *Cole v. Great Atlantic & Pacific Tea Co.*, 728 F. Supp. 1305 (E.D. Ky. 1990)).

Here, Elkins made his first statement of damages prior to initiating this action. When that demand was denied, he sued the defendants for presumably the same relief. In fact, Elkins' demand was apparently served on only one defendant. [Record No. 1, p. 3] He has now named five defendants, but allegedly seeks less than a fifth of his original damages calculation.

Based on the foregoing, the Court construes the stipulation as a reduction, rather than a clarification, and it remains satisfied that the requisite amount was actually in controversy at

the time of removal.  *See* 28 U.S.C. § 1446(c)(2)(B).  Accordingly, remand is not warranted based on the stipulation because it is not apparent that the Court "lacks subject matter jurisdiction."  28 U.S.C. § 1447(c).

Nevertheless, even if Elkins' stipulation and itemization constituted his first specific statement of alleged damages, the Court would not be satisfied that the amount in controversy is not met.  For one thing, the stipulation does not bind the plaintiff to *seeking* less than $ 75,000.00, but only to *accepting* less than that amount.  Additionally, the Complaint seeks punitive damages against all five defendants,[1] but the proffered itemization does not account for any punitive damages.

Finally, the Court notes that the unusual posture of the current motion (*i.e.*, it being unopposed) does not change the outcome.  The result itself is not unusual.  *See, e.g., Knies v. Grayhawk, LLC,* 2021 WL 982620, at *2 (E.D. Ky. Mar. 16, 2021) (remand was "not warranted" where a stipulation attempted to "walk back" the Complaint).  And the Court is aware of no case holding that a post-removal reduction in damages negates its subject matter jurisdiction simply because the defendants acquiesce in the outcome.  *Cf. Cole*, 728 F. Supp. at 1308 (It is a federal court's "responsibility[] to make an independent subject matter jurisdictional determination rather than rely solely on a conclusory assertion of the defendant.").  Indeed, a survey of the cases indicates that the Court is without authority to remand this action.  According to a leading treatise, "the exercise of jurisdiction over claims supported by an independent basis of federal subject-matter jurisdiction in removed cases typically is mandatory, so that discretionary remand of such claims ordinarily is prohibited."

---

[1]       The proposed Amended Complaint contains a similar damage request.  [Record No. 15]

Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3739 (4th ed. 2008); *see also In re City of Mobile*, 75 F.3d 605, 607 (11th Cir. 1996) (A district court does not have "discretion to remand to state court a case that includes a properly removed federal claim.").

This outcome also serves the "sound policy" underlying the clarification/reduction distinction. *Rogers*, 230 F.3d at 872. A defendant's acquiescence may somewhat reduce the concern that a plaintiff "could unfairly manipulate proceedings merely because their federal case begins to look unfavorable," but it does not eliminate the concern entirely. *Id.*; *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938) ("[T]he plaintiff ought not to be able to defeat th[e defendant's right to remove] and bring the cause back to the state court at his election."). Upholding the rule here also serves the "interests in efficiency and simplicity." *Id.* at 873.

The motion to remand will be denied for all of these reasons.

## II.     Motion to Amend the Complaint and Motion to Dismiss

Defendants James River Insurance Company and one of its employees, Lorraine Botello, (collectively, "the insurer defendants") filed a motion to dismiss the claims against them for failure to state a claim. [Record No. 8] Specifically, the motion contends that "[n]o counts in the Complaint filed by Plaintiff contain any substantive allegations or causes of action" against the insurer defendants. [*Id.* at p. 2] Indeed, a review of the Complaint indicates that it contains no substantive allegations against the insurer defendants, except for an allegation that Elkins is entitled to recover damages. [*See* Record No. 1-4, pp. 4 ¶ 10, 7-8, ¶¶ 4-5.]

- 5 -

Elkins responds that allegations against the insurer defendants "were omitted as a clerical error." [Record No. 13, p. 1] He seeks leave to amend the Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. [*Id.*] Rule 15 provides that a party "may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). The insurer defendants filed their Rule 12(b)(6) motion to dismiss on March 1, 2021. Elkins sought leave to amend the Complaint nine days later, so he contends that he "m[et] [the] qualifications under FRCP 15 a[s] the time for filing an Amended Complaint ha[d] not run." [Record No. 13, p. 3] Elkins separately filed a proposed Amended Complaint on March 19, 2021. [Record No. 15]

Elkins was entitled to amend the Complaint as a matter of course within 21 days of the insurer defendants' motion to dismiss. Fed. R. Civ. P. 15(a)(1)(B). The insurer defendants' first filing was a motion to dismiss; in such a case, the Rule contemplates that parties will be provided an opportunity to "meet the arguments in the motion." 2009 Amendment Advisory Notes to Rule 15. Elkins timely filed a proposed Amended Complaint 18 days after the motion to dismiss. Nevertheless, the insurer defendants suggest that Defendant Dunham Athleisure Corporation's responsive pleading, dated February 23, 2021, started the 21-day clock. [*See* Record Nos. 5; 17, p. 3] But "[w]hen a plaintiff seeks to amend his or her complaint against multiple defendants," courts have held that "each defendant is treated separately under Rule 15 for purposes of amending as of right." *Cowan v. Miller*, 2016 WL 4362868, at *2 (E.D. Mich. Aug. 16, 2016) (citing *Dewald v. Clinton*, 2010 WL 778057, at *1 (E.D. Mich. Mar. 4, 2010) (collecting cases)). Thus, the 21-day period started when the motion to dismiss was filed, and Elkins was entitled to amend his Complaint as a matter of course.

- 6 -

However, even assuming the insurer defendants are correct, Rule 15 provides that courts should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15 (a)(2). And here, justice requires that Elkins be provided an opportunity to amend. "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Centers, Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005). Here, Elkins asserts that the Complaint omitted claims against the insurer defendants in error. He points out that the parties were properly named and timely served, and it does not appear that the error was an attempt to delay these proceedings. Additionally, the risk of prejudice posed by the amendment is low at this early stage. Accordingly, the motion to amend the Complaint will be granted.

### III.   Defendant Elite Fitness

The Complaint alleges that Defendant Elite Fitness ("Elite") "is a subsidiary or manufacturer or has another relationship with" the parties. [Record No. 1-4, p. 2 ¶ 3] Elkins concedes, however, that he was unable to discern Elite's contact information or its place of incorporation. The state court record further indicates that a Warning Order Attorney was appointed to locate Elite pursuant to Kentucky Rules of Civil Procedure 4.05 and 4.07. [Record No. 1-9] The appointment began on January 29, 2021, and attorney Marc Robbins was given 50 days to correspond with and provide notice to Elite of the pendency and nature of this action. [*Id.*] To date, Elite has not entered a notice of appearance in this matter, and the parties have not indicated whether the party was located or served.

IV.    **Conclusion**

Based on the foregoing discussion and analysis, it is hereby

**ORDERED** as follows:

1.    The plaintiff's motion to remand [Record No. 12] is **DENIED**.

2.    The plaintiff's construed motion to amend his Complaint [Record No. 13] is **GRANTED**. The Clerk is directed to file the proposed Amended Complaint [Record No. 15].

3.    Defendants James River Insurance Company and Lorraine Botello's motion to dismiss [Record No. 8] is **DENIED**, as moot.

4.    The plaintiff is **DIRECTED** to file a **STATUS REPORT** indicating the status of his claims against Defendant Elite Fitness **within 14 days**.

Dated:  April 2, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky

- 8 -