UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| BRIAN ELKINS, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 5: 21-050-DCR |
| | ) |
| V. | ) |
| | ) |
| EXTREME PRODUCTS GROUP, LLC, | ) **MEMORANDUM OPINION** |
| et al., | ) **AND ORDER** |
| | ) |
| Defendants. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of Defendants James River Insurance Company ("JRIC") and Lorraine Botello (an insurance adjuster employed by JRIC) motions to dismiss Plaintiff Brian Elkins' claims against them. [Record Nos. 22, 23] Because the Amended Complaint fails to state a claim upon which relief can be granted as to these defendants, the motions will be granted.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Elkins initiated this action in Madison Circuit Court on January 29, 2021. He seeks damages for alleged injuries suffered while he was using a piece of exercise equipment. [Record No. 1-4] Elkins named the manufacturer of the equipment, its insurer, and a sporting-goods retailer as defendants. [*Id.*] The manufacturer removed the action to this Court on February 22, 2021. [Record No. 1]

JRIC is an insurer and Botello is its employee. They first moved to dismiss Elkins' claims on March 1, 2021. [Record No. 8] At the time, they argued that Elkins' state court Complaint failed to state a claim against them because it neglected to "contain any substantive

allegations or causes of action" against them. [*Id.* at p. 2] Elkins acknowledged the "clerical error" in his response, but he sought leave to correct the deficiency pursuant to Rule 15 of the Federal Rules of Civil Procedure. [Record No. 13] While that motion was pending, Elkins filed the Amended Complaint. [Record No. 20] Because it was filed within 21 days of service of JRIC and Botello's motion to dismiss, he was entitled to amend the Complaint as a matter of course. Fed. R. Civ. P. 15(a)(1)(B). As a result, the Court denied the motion to dismiss, as moot, and accepted the Amended Complaint as Elkins' operative pleading. [Record No. 19, p. 8]

The Amended Complaint states that JRIC "insured [Defendant] Extreme Products Group, LLC, who designed, manufactured, distributed, sold, and/or maintained the inversion table on which Plaintiff was injured." [Record No. 20, ¶ 5] It identifies Botello as "an insurance adjuster . . . employed by [JRIC]." [*Id.* at ¶ 6] Of the four counts raised in the Amended Complaint, only one relates to JRIC and Botello. Count IV makes allegations pursuant to Kentucky Revised Statutes ("KRS") § 403.12-230, which concerns unfair insurance claims settlement practices. [*Id.* at ¶¶ 33-36] The Amended Complaint makes three substantive allegations against JRIC and Botello. "In the course of the Plaintiff's attempts to settle his claims," JRIC and Botello allegedly: "violated KRS [§] 304.12-230"; "violated KRS [§] 304.12-010" [1]; and "acted in a grossly negligent manner." [*Id.* at ¶¶ 33-35] Elkins also

---

[1]  Section 304.12-010 "is an introductory section to Subtitle 12 of the Insurance Code." *Cook v. State Farm Mut. Auto. Ins. Co.*, 2004 WL 2011375, at *6 (Ky. Ct. App. Sept. 10, 2004). It states that "[n]o person shall engage in this state in any practice which *is prohibited in this subtitle*, or which is *defined therein* as, or *determined pursuant thereto* to be, an unfair method of competition or any unfair or deceptive act or practice in the business of insurance." KRS § 304.12-010 (emphasis added); *see State Farm Mut. Auto. Ins. Co. v. Reeder*, 763 S.W.2d 116, 117 (Ky. 1988) (The remedy for a violation of KRS 304.12-010, *et seq.*, is created by KRS 446.070, Kentucky's general cause of action for statutory violations.). On its own, it

lists a number of "specific[] violat[ions]," which are recitations of subsections of KRS § 304.12-230:

> (2) Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;
> (3) Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;
> (4) Refusing to pay claims without conducting a reasonable investigation based upon all available information;
> (6) Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear;
> (7) Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds;
> (14) Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

[*Id.* at ¶ 36]; *see* KRS § 304.12-230(2)-(4), (6)-(7), (14). Elkins seeks compensatory and punitive damages against both JRIC and Botello. [*Id.* at pp. 8-9]

## II.  LEGAL STANDARD

Rule 12 of the Federal Rules of Civil Procedure allows a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). And Rule 8 requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To show that a pleader is entitled to relief (and therefore overcome a motion to dismiss), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). An allegation is plausible

---

does not appear, to create a cause of action. *See Helton v. Am. Gen. Life Ins. Co.*, 946 F. Supp. 2d 695, 703 (W.D. Ky. 2013). Where, as here, the plaintiff points to conduct prohibited by other sections of Subtitle 12, the causes of action are one in the same, and citing both the introductory and specific subsections is redundant.

when it is supported by facts that make it more than merely possible, but the pleading standard is not so high that the allegation must appear to be probable. *See id.* In other words, "where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

A complaint that is long on legal conclusions and short on facts will not survive a motion to dismiss. To be sure, "legal conclusions can provide the framework of a complaint," but they must be fleshed out with sufficient factual allegations to render the conclusions plausible. *Iqbal*, 556 U.S. at 679. On the other hand, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not give rise to an inference of plausibility. *Id.* at 678.

### III.    LEGAL ANALYSIS

The Amended Complaint fails to plausibly allege that Elkins is entitled to recover from JRIC or Botello. It contains only legal conclusions unsupported by factual allegations. The assertions that JRIC and Botello "violated" a Kentucky statute or "acted in a grossly negligent manner" are nothing more than conclusory allegations. [Record No. 20, ¶¶ 33-35] Aside from adding that JRIC and Botello acted unlawfully "[i]n the course of settling the claim," these accusations fail to even recite the elements of a cause of action. [*Id.*]; *see Bargo v. Goodwill Indus. of Kentucky, Inc.*, 969 F. Supp. 2d 819, 825 (E.D. Ky. 2013) (Merely repeating the elements of a cause of action was "nothing more than an unadorned, the-defendant-unlawfully-harmed-me accusation." (quotation omitted)). Elkins never identifies what he means by "the claim." Nowhere does the Amended Complaint mention a claim for settlement or insurance

proceeds.  In short, identifying a defendant as an insurer (or insurance adjuster) and claiming they violated the Insurance Code barely suffices to make a claim possible, let alone probable.

Elkins makes no convincing argument to the contrary.  He notes that the Amended Complaint "specifically acknowledge[s] which subsections were violated" by JRIC and Botello.  [Record No. 26, p. 3]  But these allegations are hardly "specific"—they are direct quotations from the statute itself.  [*See* Record No. 20, ¶ 36]; KRS § 304.12-230(2)-(4), (6)-(7), (14).  And the Court disagrees that the "language of the statute is sufficiently specific to mee the requirements of Rule 8."  [Record No. 26, p. 3]  Taking the first subsection as an example, Elkins contends that JRIC and Botello "fail[ed] to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies."  KRS § 304.12-230(2).  However, the Amended Complaint does not identify any communications between Elkins and the insurer defendants.  Nor does it identify which policy or policies may be at issue, even in general terms.  Finally, Elkins does not provide any information that could lead the Court to infer that JRIC or Botello were not prompt in responding to his communications.  Providing factual support to define even one of these terms may have been enough to render the allegations plausible, but Elkins provides none.

Elkins is correct that he is not required to provide detailed factual allegations to support his claims at this stage.  But the point is that the Amended Complaint fails to provide *any* factual allegations against either JRIC or Botello.  At the risk of belaboring the point, an illustration may help explain the Court's conclusion.  Elkins has: (1) identified JRIC and Botello's relationship to these proceedings; (2) alleged that they were responsible for settling a claim related to these proceedings; and (3) concluded that they violated the law in the process.  Elkins is not required to spell out how he gets from the first and second allegation to the

conclusion. Currently, however, he has only established that these defendants may have had the opportunity to injure him. But ability is not plausibility, and the gap between Elkin's so-called "facts" and the allegations they support is too large for inference alone to carry.

For the foregoing reasons, the Amended Complaint fails to state a claim against JRIC and Botello.[2] Accordingly, it is hereby

**ORDERED** as follows:

1. Defendants James River Insurance Company and Lorraine Botello's motions to dismiss the Amended Complaint [Record Nos. 22 and 23] are **GRANTED**.

2. The plaintiff's claims against Defendants James River Insurance Company and Lorraine Botello are **DISMISSED** with prejudice.

3. This Order does not affect the plaintiff's claims against any remaining defendant.

Dated: June 2, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky

---

[2] Because the Court concludes that Elkins has failed to state a claim against Botello, it does not reach her alternative argument that Kentucky does not permit a direct claim against an insurance adjuster. [Record No. 23, pp. 8-9]