UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| BRIAN ELKINS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 21-050-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| EXTREME PRODUCTS GROUP, LLC, | ) | **MEMORANDUM OPINION** |
| et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*    \*\*\*    \*\*\*    \*\*\*

Defendant Dunham's Athleisure Corporation ("Dunham") filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for which relief can be granted.  [Record No. 51]  Dunham argues that under the Kentucky Middleman Statute, KRS § 411.340, it cannot be liable for Plaintiff Brian Elkins' injuries when he was injured using an inversion table manufactured by Defendant Extreme Products Group, LLC, but sold by Dunham.  Elkins counters that his amended complaint adequately alleges Dunham's negligence and its breach of warranty.  It argues that the motion to dismiss is premature because it requires that the Court "blindly believe" that Dunham should not have known that the product was defective. [Record No. 53]  The motion will be denied because it is not clear from the face of the plaintiff's amended complaint whether the Kentucky Middleman Statute applies.

**I.**

Elkins purchased an inversion table from Dunham in Richmond, Kentucky.  [Record No. 20]  The inversion table was intended to be used by persons "looking to 'relieve back

- 1 -

pressure, elongate the spine, increase blood circulation, reduce negative effects of gravity, promote stretching, improve posture, relieve muscle aches, and relieve stress.'" [*Id*.] The table was allegedly manufactured by Extreme Products Group, LLC, or its potential subsidiary, Elite Fitness. [*Id*.] While using the inversion table on January 29, 2020, Elkins was injured when a piece of the table broke off without warning. [*Id*. at 5.] He claims to have suffered "sudden pain and serious, permanent injury." [*Id*.] Elkins filed suit in the Madison Circuit Court, asserting claims of negligence, strict liability, breach of implied warranty, and unfair claims settlement practices. [Record No. 1]

Elkins' negligence claim and breach of warranty claim are relevant to the present motion. For his negligence claim, Elkins alleged that Defendants Extreme Products, Elite Fitness, and Dunham owed a duty of care to the plaintiff "to design, manufacture, distribute, sell and/or maintain their products in a reasonable and prudent manner;" deviated from the acceptable standard of care; and the "deviations were a substantial factor in causing [the p]laintiff's damages." [Record No. 20, p 5] Elkins further contended that Extreme Products, Elite Fitness, and Dunham breached the implied warranty of merchantability when they distributed or sold the faulty and defective inversion table. [*Id*. at 6.]

Also, of note, Defendant Elite Fitness has not yet entered an appearance in this matter. [Record No. 24] Elkins states in his amended complaint that Elite Fitness "is a subsidiary or manufacturer or has another relationship with the Plaintiff and/or Defendants. Elite Fitness is named on the inversion table's owner's manual, but does not provide contact information." [Record No. 20, p. 2-3] A Warning Order Attorney was appointed on January 29, 2021, and he filed a report on March 1, 2021, stating that he did not believe that Elite Fitness had been notified of the action. [Record No. 24-1]

Extreme Products removed the matter to this Court, and Dunham consented to removal in February 2021.  [Record Nos. 1, 4]  Dunham has now filed a motion to dismiss under Rule 12(b)(6), contending that it is immune from suit under the Kentucky Middleman Statute. [Record No. 51]

## II.

A complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (quoting *Twombly*, 550 U.S. at 556).  While a complaint need not contain detailed factual allegations, a plaintiff must provide more than mere labels and conclusions, and "a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.

A plaintiff is not required to plead facts showing that a defendant is likely to be responsible for the harm alleged, but he or she must demonstrate "more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678.  In resolving a motion to dismiss under Rule 12(b)(6), a court must "accept all of plaintiff's factual allegations as true and determine whether any set of facts consistent with the allegations would entitle the plaintiff to relief."  *G.M. Eng'rs & Assoc., Inc. v. W. Bloomfield Twp*., 922 F.2d 328, 330 (6th Cir. 1990).

### III.

Dunham's alleges that it is immune from suit under the Kentucky Middleman Statute.

KRS § 411.340 states:

> In any product liability action, if the manufacturer is identified and subject to the jurisdiction of the court, a wholesaler, distributor, or retailer who distributes or sells a product, upon his showing by a preponderance of the evidence that said product was sold by him in its original manufactured condition or package, or in the same condition such product was in when received by said wholesaler, distributor or retailer, shall not be liable to the plaintiff for damages arising solely from the distribution or sale of such product, unless such wholesaler, distributor or retailer, breached an express warranty or knew or should have known at the time of distribution or sale of such product that the product was in a defective condition, unreasonably dangerous to the user or consumer.

The statute protects retailers who sell products in its unaltered, original manufactured condition, as long as the manufacturer is subject to the Court's jurisdiction. *Salisbury v. Purdue Pharma., L.P.*, 166 F. Supp. 2d 546, 551 (E.D. Ky. 2001); *see also Flint v. Target Corp.*, 362 F. App'x 446, 449 (6th Cir. 2010). However, a retailer can lose immunity from suit if it: (i) breaches an express warranty or (ii) knew or should have known at the time of distribution or sale that the product was in a defective condition and unreasonably dangerous. *Flint*, 362 F. App'x at 449.

Dunham argues that it is immune from suit under the Kentucky Middleman Statute, and Elkins has not pled facts showing that either exception included in the Middleman Statute applies. [Record No. 51] Specifically, Dunham asserts that there is no allegation that it breached an express warranty or that the product was in an altered condition or package; nor did Elkins claim that Dunham knew or should have known that the product was defective or unreasonable dangerous to the user or consumer.

- 4 -

Dunham relies on this Court's decision in *Kentucky National Insurance Company v. W. M. Barr & Company* to support its position that it is immune from suit. No. 7: 05-130-DCR, 2005 U.S. Dist. LEXIS 63092 (E.D. Ky. July 1, 2005). In *Kentucky National*, the Court concluded that Lowe's, the seller of the alleged defective product, was immune from suit under the Kentucky Middleman Statute because the plaintiff's complaint did not include any "allegations that: (1) the product was sold in an altered condition or package; (2) Lowe's provided or breached any express warranty; or (3) that Lowe's knew or should have known that the product was in a defective condition or unreasonably dangerous to the consumer." *Id.* at *4. While the plaintiff failed to respond to the motion to dismiss and the Court considered that fact in making its decision, the Court also concluded that Lowe's position was well-taken. *Id.* at *4-5.

But unlike *Kentucky National*, there is an open question in the present action regarding whether the manufacturer is subject to the Court's jurisdiction. At this stage it is unclear who manufactured the inversion table and whether the manufacturer is "subject to the Court's jurisdiction," which is a prerequisite for the Middleman Statute to apply. Elkins' complaint states that "Extreme Products Group, LLC, Elite Fitness, and/or Dunham's . . . designed, manufactured, distributed, sold and/or maintained technology used in an inversion table, model number IT9310-E." [Record No. 20, p. 4] Elkins alleged that "Elite Fitness is named on the inversion table's owner's manual." [*Id.* at 2-3.] However, Elite Fitness has not yet entered an appearance in this matter, a Warning Order Attorney was appointed in January 2021, and there is no indication to date that Elite Fitness has ever been found or served. [Record No. 24] While Dunham's claims that Extreme Products manufactured the table, taking the allegations in Elkins' complaint as true, there is a possibility that Elite Fitness, not Extreme Products,

manufactured the inversion table.  The Court will deny the motion to dismiss because there is a possibility that Elite Fitness is the manufacturer of the inversion table and it is not yet subject to the Court's jurisdiction.

Accordingly, it is hereby

**ORDERED** that Defendant Dunham's Athleisure Corporation's motion to dismiss [Record No. 51] is **DENIED**.

Dated: December 21, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky

- 6 -