UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| BRIAN ELKINS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 21-050-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| EXTREME PRODUCTS GROUP, LLC, et al., | ) ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Extreme Products Group, LLC, has filed a motion for judgment on the pleadings, asserting that Plaintiff Brian Elkins' claims fail because he has not to alleged how the allegedly defective product caused his injury. [Record No. 59] Extreme Products further argues that it is not in privity of contract with Elkins, which means that Elkins' breach of warranty claim fails. Extreme Products' arguments are well-taken and the Court will grant the motion for the more detailed reasons that follow.

**I.**

As explained in the Court's previous Memorandum Opinion and Order [Record No. 55], Elkins bought an inversion table from Dunham's Athleisure Corporation store located in Richmond, Kentucky. Elkins alleged in his Complaint that the inversion table was manufactured by Extreme Products Group, LLC, or a potential subsidiary, Elite Fitness. [Record No. 20, p. 5] He further contended that while he was using the inversion table on January 29, 2020, he was injured when a piece of the table broke without warning. [*Id.*] Elkins later filed suit in the Madison Circuit Court, asserting claims for negligence, strict liability,

and breach of implied warranty against Extreme Products. [Record No. 1] Extreme Products removed the matter to this Court, and Dunham's consented to removal in February 2021. [Record Nos. 1, 4]

## II.

"After the pleadings are closed . . . a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The Court reviews a motion for judgment on the pleadings under the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Jackson v. City of Cleveland*, 925 F.3d 793, 806 (6th Cir. 2019). Thus, the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

## III.

Extreme Products argues that Elkins has not sufficiently alleged that its inversion table caused his injuries. [Record No. 59, p. 5] It asserts that Elkins did not identify what piece of the inversion table broke, any specific defect in the inversion table, or how the defect caused his alleged injury. [*Id*.] Additionally, Extreme Products states that it is not in privity of contract with Elkins which is necessary to bring a breach of warranty claim under Kentucky law. Elkins argues in response that Extreme Products' motion was filed prematurely because the pleadings have not yet "closed," and that there are issues of material fact so that granting

the motion is improper,[1] and that other courts do not require privity of contract for breach of warranty claims. [Record No. 62]

Regarding his first argument, Elkins contends that the pleadings close on February 28, 2022, because the Scheduling Order entered July 2, 2021, sets the deadline to amend pleadings and join additional parties by that date. [Record No. 35] This argument fails, however, because pleadings are closed for purposes of a Rule 12(c) motion, "upon the filing of a complaint and an answer (absent a court-ordered reply), unless a counterclaim, crossclaim, or third-party claim is interposed," even if the parties may still amend their pleadings in accordance with the Court's Scheduling Order. *See, e.g., Forest Creek Townhomes, LLC v. Carroll Prop. Mgmt., LLC*, 695 F. App'x 908, 913 (6th Cir. 2017); *Mandujano v. City of Pharr*, 786 F. App'x 434, 437 (5th Cir. 2019) (citing 5C Charles Alan Wright et al., Federal Practice and Procedure § 1367 (3d ed. Apr. 2019 Update)); *Rezende v. Ocwen Loan Servicing*, LLC, 869 F.3d 40, fn. 3 (1st Cir. 2017); *Signature Combs, Inc. v. United States*, 253 F. Supp. 2d. 1028, 1030 (W.D. Tenn. 2003). Accordingly, the defendant's motion is not premature.

Products liability claims, regardless of the theory advanced, are governed by the Kentucky Product Liability Act. *Red Hed Oil, Inc. v. H.T. Hackney Co.*, 292 F. Supp. 3d 764, 773 (E.D. Ky. 2017); Ky. Rev. Stat. § 411.300-350. "Liability may result from defective

---

[1] Elkins cites a Kentucky Court of Appeals case that outlines the standard that Kentucky courts apply in addressing motions for judgment on the pleadings filed under Rule 12.03 of the Kentucky Rules of Civil Procedure. But the standard outlined in Elkins' brief does not apply to motions brought under Rule 12(c) of the Federal Rules of Civil Procedure. Instead, federal courts address motions for judgment on the pleadings by utilizing the same standard they use to address motions to dismiss brought under Federal Rule of Civil Procedure 12(b)(6). This standard requires the Court to determine whether a complaint states "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

design, for manufacturing defects, and for failure to warn." *Burgett v. Troy-Bilt LLC*, 579 F. App'x 372, 378 (6th Cir. 2014). Additionally, there are multiple causes of action a plaintiff may assert against a manufacturer in a products liability case, including (i) negligence, (ii) strict liability, (iii) breach of warranty. *Red Hed Oil, Inc,* 292 F. Supp. 3d at 773 (quoting *Prather v. Abbott Labs.*, 960 F. Supp. 2d 700, 705 (W.D. Ky. 2013)). But no matter what cause of action the plaintiff asserts, he must show that the defective product caused his injury. *Smith v. Wyeth, Inc.,* 657 F.3d 420, 423 (6th Cir. 2011); *Holbrook v. Rose*, 458 S.W.2d 155, 157 (Ky. 1970). Causation is established using the "substantial factor" test, meaning the "plaintiff must prove that the defendant's conduct was a substantial factor in bringing about plaintiff's harm." *King v. Ford Motor Co.*, 209 F.3d 886, 893 (6th Cir. 2000).

Extreme Products relies on *Red Hed Oil Co.* to support its argument that Elkins' claims fail because the plaintiff has not sufficiently pled facts that allow this Court to reasonably infer that there is any defect that caused Elkins' injury or how any alleged defect caused his injury. [Record No. 59, p. 9] In *Red Hed Oil Co.*, the plaintiffs pled that a fire originated from "a defect in the electronic cigarettes and/or because of improper design of the electronic cigarettes." 292 F. Supp. 3d at 774. They alleged that, "[a]s a direct and proximate result of the electronic cigarettes as manufactured, designed, sold, supplied and introduced into the stream of commerce by Defendants, Plaintiffs suffered damages." *Id*. The court concluded that the plaintiffs' allegations did "not give rise to a reasonable inference that the manufacturing defendants caused [the p]laintiff's harm." *Id*. It explained that the plaintiffs failed to state which manufacturer produced the defective e-cigarettes, how the fire started, what the defect was, or how the defect sparked the fire. *Id*. at 774-75. Additionally, the court

concluded that the plaintiffs' breach of warranty claims failed because the plaintiffs were not in privity with the manufacturing defendants. *Id*. at 778.

Here, Elkins' Complaint states that, "while using the inversion table on or about January 29, 2020, the Plaintiff was severely and permanently injured when a piece of inversion table suddenly and without warning broke while the Plaintiff was using it, causing him sudden pain and serious, permanent injury." [Record No. 20, p. 5] He alleges that Extreme Products owed a duty to "design, manufacture, distribute, sell and or maintain [its] products in a reasonable and prudent manner" and that Extreme Products deviated from the acceptable standard of care. [*Id*.] Elkins contends that the deviation from the standard of care was "a substantial factor" in causing him damages. [*Id*. at 6.] Additionally, the plaintiff alleges that the inversion table manufactured by Extreme Products was "defective and unreasonably dangerous such that a reasonably prudent company would not have sold them in that fashion." [*Id*.] Finally, Elkins asserts that Extreme Products violated the implied warranty of merchantability when it sold the defective inversion table. [*Id*. at 7.]

While Elkins does not have to provide detailed factual allegations in his Complaint, it fails to include sufficient information for this Court to reasonably infer that Extreme Products manufactured a defective product or caused Elkins' subsequent injuries. *Iqbal*, 556 U.S. at 663. Instead, the Complaint merely recites the elements of a negligence claim, without any factual support. *Twombly*, 550 U.S. at 555 (explaining that while a complaint does not need to contain "detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (citation and quotations omitted).

The undersigned agrees with Extreme Products that, similar to *Red Hed Oil*, Elkins has failed to identify a specific defect or how the defect injured the plaintiff. *See Halsey v. AGCO Corp.*, 755 F. App'x 524, 531 (6th Cir. 2018) ("The plaintiff must demonstrate that an identifiable defect probably caused the accident.") (citation omitted). Elkins' statements that the inversion table was "defective" and a "substantial factor" in causing his injuries and that Extreme Products fell below a reasonable standard of care are merely threadbare recitations of the elements of a products liability claim and his proposed legal conclusions. *See Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678; *Burkeen v. A.R.E. Accessories, LLC*, 758 F. App'x 412, 415 (6th Cir. 2018) ("[I]t is not enough for Plaintiffs to simply rely on their basic injury allegations and argue that the product was somehow defective because it was dangerous—Plaintiffs needed to provide facts supporting those claims." (citation and internal quotations omitted)). Elkins' failure to include any facts about what the defect in the inversion table was and how it injured him is fatal to his claims. *See Gray v. GMC*, 133 F. Supp. 2d 530, 533 (E.D. Ky. 2001) (referencing *Midwestern V.W. Corp. v. Ringley*, 503 S.W.2d 745 (Ky. 1973)) ("In products liability cases, the plaintiff must demonstrate that an identifiable defect probably caused the accident.").

The undersigned also agrees with Extreme Products that because it is not in privity with Elkins, the breach of warranty claim fails for this additional reason. "Kentucky requires privity of contract or a direct buyer-seller relationship for breach of warranty claims," including those raised in a products liability case. *Taylor v. Southwire Tools & Equip.*, 130 F. Supp. 3d 1017, 1021 (E.D. Ky. 2015); *Compex Int'l Co., Ltd. v. Taylor*, 209 S.W.3d 462, 464 (Ky. 2006) ("[P]rivity remains a prerequisite for products liability claims based on [breach of] warranty. . ."); *Waterfill v. Nat'l Molding Corp.*, 215 F. App'x 402, 405 (6th Cir. 2007) ("Claims for

breach of express or implied warranties may proceed only where there is privity between the parties."). Elkins' Complaint states that he purchased the inversion table from the Dunham's store in Richmond, Kentucky. [Record No. 20, p. 5] Based on the allegations in the Complaint, privity only exists between Elkins and Dunham's and not with Extreme Products.

Elkins' argument that the Court should not require privity of contract because courts in other jurisdictions do not require privity is unavailing.[2] The Supreme Court of Kentucky, Court of Appeals of Kentucky, the federal district courts in Kentucky, and the United States Court of Appeals for the Sixth Circuit require privity of contract to bring a breach of warranty claim under Kentucky state law.[3] *See, e.g.*, *Corder v. Ethicon, Inc.,* 473 F. Supp. 3d 749, 766 (E.D. Ky. 2020); *Brown Sprinkler Corp. v. Plumbers Supply Co.*, 265 S.W.3d 237, 240 (Ky. Ct. App. 2007); *Real Estate Mktg. v. Franz*, 885 S.W.2d 921, 926 (Ky. 1994); *Snawder v. Cohen*, 749 F. Supp. 1473, 1481 (W.D. Ky. 1990) ("Kentucky still requires privity where

---

[2] It is concerning that the plaintiff, through counsel, has completely failed to acknowledge that Kentucky state courts and federal courts interpreting Kentucky law require privity of contract before bringing a breach of warranty claim. Instead, he cites four mid-1950s cases from California, Ohio, and Kansas to argue that other courts do not require privity of contract. His assertion toes the line of violating Federal Rule of Civil Procedure 11(b)(2), which requires that an attorney's "legal contentions [be] warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." The total failure to address state and federal court cases interpreting Kentucky law evidences a lack of candor to the Court.

[3] The Western District of Kentucky has allowed, in very limited circumstances, breach of warranty claims when there is no privity when a manufacturer expressly indicated that a warranty was to extend from the manufacturer to the consumer. *See Naiser v. Unilever U.S., Inc.*, 975 F. Supp. 2d 727, 738 (W.D. Ky. 2013). However, this Court has declined to sidestep the stringent privity requirement set forth by Kentucky law. *See, e.g., Corder*, 473 F. Supp. 3d at 768 ("The Kentucky Supreme Court, as the Sixth Circuit recently reiterated, has not waivered on the stringency of its privity requirement."). In any event, there is no allegation that Extreme Products clearly and expressly indicated a warranty that would run from the manufacturer to the consumer.

liability is predicated . . . on warranty."); *Yonts v. Easton Tech. Prods.*, 676 F. App'x 413, 420 (6th Cir. 2017); *Brown v. Johnson & Johnson,* No. 3:20-cv-404-DJH-CHL, 2021 U.S. Dist. LEXIS 45345, at *7-8 (W.D. Ky. Mar. 4, 2021). Thus, because there is no privity between Elkins and Extreme Products, his breach of warranty claim fails for an additional reason.

### IV.

Based on the foregoing reasons analysis and discussion, it is hereby

**ORDERED** as follows:

1. Defendant Extreme Products Group, LLC's motion for judgment on the pleadings [Record No. 59] is **GRANTED**.

2. Plaintiff Brian Elkins' claims for negligence, strict liability, and breach of warranty brought against Extreme Products Group are **DISMISSED**, with prejudice. Defendant Extreme Products Group, LLC is **DISMISSED** as a party to this civil action.

Dated: February 9, 2022.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky