UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| BRIAN ELKINS, | ) |
| Plaintiff, | ) Civil Action No. 5: 21-050-DCR |
| V. | ) |
| EXTREME PRODUCTS GROUP, LLC, et al., | ) **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Defendant Dunham's Athleisure Corporation ("Dunham's") has filed a motion for judgment on the pleadings, asserting that it should be dismissed for the same reason as Extreme Products Group, LLC. More specifically, it alleges that Plaintiff Brian Elkins has failed to specify how an alleged defective product caused his injuries.[1] Dunham's also renews its argument under the Kentucky Middleman Statute.

Dunham's motion for judgment on the pleadings will be granted because Elkins failed to plead facts that would allow the Court to reasonably infer that this defendant sold a defective product that caused his alleged injuries.

**I.**

This Court has previously detailed in earlier opinions and orders [Record Nos. 55, 64] that Elkins bought an inversion table from Dunham's Athleisure Corporation in Richmond,

---

[1] Elkins failed to respond to Dunham's motion for judgment on the pleadings within the time allotted under the Local Rules. Local Rule 7.1 states that the "[f]ailure to timely respond to a motion may be grounds for granting a motion." Elkins' failure to respond to the motion also serves as justification for granting Dunham's motion for judgment on the pleadings.

- 1 -

Kentucky.  Elkins contended in his Complaint that the inversion table was manufactured by Extreme Products or its potential subsidiary, Elite Fitness.[2]  [Record No. 20, p. 5]  Elkins alleged that while he was using the inversion table on January 29, 2020, he was injured when a piece of the table suddenly broke.  [*Id*.]  Elkins later filed suit in the Madison Circuit Court, asserting claims of negligence and breach of implied warranty against Dunham's.  [Record No. 1]  Extreme Products removed the matter to this Court, and Dunham's consented to removal in February 2021.  [Record Nos. 1, 4]

Dunham's previously filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, asserting that under the Kentucky Middleman Statute (KRS § 411.340) it could not be liable for Elkins' injuries.  [Record No. 51]  This statute is designed to protect retailers who sell products in their original and unaltered manufactured condition when the manufacturer is subject to the Court's jurisdiction.  *Salisbury v. Purdue Pharma., L.P.*, 166 F. Supp. 2d 546, 551 (E.D. Ky. 2001); *see also Flint v. Target Corp.*, 362 F. App'x 446, 449 (6th Cir. 2010).  This earlier motion was denied because there was a possibility that Elite Fitness could have been the manufacturer of the inversion table and it was not yet subject to the Court's jurisdiction.  [Record No. 55]

Extreme Products later filed a motion for judgment on the pleadings asserting that Elkins failed to allege how a defective product caused his injuries.  [Record No. 59]  Specifically, Extreme Products argued that Elkins failed to identify what piece of the inversion table broke, any specific defect in the inversion table, or how the alleged defect caused his

---

[2] Extreme Products filed a motion to certify an order as final and appealable.  It states that, while Elite Fitness was previously believed to be a separate company, it is actually a brand utilized by Extreme Products.  [Record No. 66]  Accordingly, Extreme Products explains that it was the sole manufacturer of the inversion table at issue.

injury. The motion was granted because Elkins failed to provide sufficient information for the Court to reasonably infer that Extreme Products manufactured a defective product that caused his alleged injuries. And Elkins' breach of warranty claim failed because he was not in privity of contract with Extreme Products.

Dunham's contends in his present filing [Record No. 67] that relief should be granted for the same reason Extreme Products' motion was granted; that is, Elkins has failed to allege that a specific defect caused his injuries. Alternatively, it renews its arguments under the Kentucky Middleman Statute since Extreme Products has clarified that it was the sole manufacturer of the inversion table.

## II.

"After the pleadings are closed . . . a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The Court reviews a motion for judgment on the pleadings under the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Jackson v. City of Cleveland*, 925 F.3d 793, 806 (6th Cir. 2019). Thus, the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

## III.

Dunham's argues that its motion should be granted for two reasons. First, it asserts that judgment in its favor is appropriate based on the Court's previous finding that Elkins had not

alleged that a defect in the inversion table caused his injuries. Next, it contends that judgment is now appropriate under Kentucky's Middleman Statute, KRS § 411.340.[3]

A defendant can be liable for selling or distributing a defective product. *Edwards v. Hop Sin, Inc.*, 140 S.W.3d 13, 15 (Ky. Ct. App. 2003). As this Court previously explained in its prior memorandum opinion and order, products liability claims can arise from a defective design, a manufacturing defect, or for failure to warn. [Record No. 64, p. 3-4 (citing *Burgett v. Troy-Bilt LLC*, 579 F. App'x 372, 378 (6th Cir. 2014).] And a plaintiff may assert the following causes of action against a defendant for alleged products liability claims: negligence, strict liability, and/or breach of warranty. *Red Hed Oil, Inc. v. H.T. Hackney Co.*, 292 F. Supp. 3d 764, 773 (E.D. Ky. 2017) (quoting *Prather v. Abbott Labs.*, 960 F. Supp. 2d 700, 705 (W.D. Ky. 2013)). Dunham's correctly notes that a plaintiff can bring these claims against either a manufacturer or the seller of a product. *See Edwards*, 140 S.W. at 15. And as with claims against a manufacturer under any of the three theories of liability, the plaintiff must show that the defendant caused the plaintiff's injury. *Smith v. Wyeth, Inc.*, 657 F.3d 420, 423 (6th Cir. 2011); *Holbrook v. Rose*, 458 S.W.2d 155, 157 (Ky. 1970).

---

[3] This Court denied Dunham's original motion to dismiss because there was an open question regarding whether the manufacturer of the inversion table was subject to the Court's jurisdiction because Elkins' Complaint states that "Extreme Products Group, LLC, Elite Fitness, and/or Dunham's . . . designed, manufactured, distributed, sold and/or maintained technology used in an inversion table, model number IT9310-E." [Record No. 20, p. 4] And Elkins had alleged in his Complaint that Elite Fitness was named on the inversion table's manual. [*Id*. at 2-3.] The Court denied the motion because the manufacturer being subject to the Court's jurisdiction is a prerequisite for Middleman Statute protection and Elite Fitness had not yet entered an appearance. [Record No. 55, p. 5-6] Dunham's now alleges that Extreme Products has conceded that Elite Fitness is part of its brand and not a separate entity, but Extreme Products has already been dismissed from this lawsuit. Because the failure to properly allege his claims is sufficient to grant Dunham's motion, the Court will decline to rule on this argument.

Elkins' Complaint alleged that, "while using the inversion table on or about January 29, 2020, the Plaintiff was severely and permanently injured when a piece of inversion table suddenly and without warning broke while the Plaintiff was using it, causing him sudden pain and serious, permanent injury." [Record No. 20, p. 5] He further claimed that Dunham's "owed a duty to the public generally and to the Plaintiff specifically to design, manufacture, distribute, sell, and/or maintain their products and reasonable and prudent manner." [*Id.*] He contended that Dunham's deviated from this acceptable standard of care and is liable to Elkins for its negligence. [*Id.*] Further, Elkins asserted that Dunham's breached the implied warranty of merchantability. [*Id.* at 7.]

As noted earlier, this threadbare recitation of the elements of a products liability claim is insufficient to reasonably infer that Extreme Products manufactured a defective product or caused Elkins' injuries. [Record No. 64, p. 5] Similarly, the allegations provided in the Complaint are insufficient for the Court to reasonably infer that Dunham's sold a defective product or caused Elkins' injuries. There are no factual allegations included in the Complaint that identify a specific defect in the inversion table or how the defect caused Elkins' injuries. *See Halsey v. AGCO Corp.*, 755 F. App'x 524, 531 (6th Cir. 2018); *Red Hed Oil Co.*, 292 F. Supp. 3d at 774 (explaining that the plaintiff's allegations failed to give rise to a reasonable inference that the alleged defects cause the plaintiff's harm because there were no allegations of what the defect was or how the defect started a fire).

As explained previously, "it is not enough for Plaintiffs to simply rely on their basic injury allegations and argue that the product was somehow defective because it was dangerous — Plaintiffs needed to provide facts supporting those claims." *Burkeen v. A.R.E. Accessories, LLC*, 758 F. App'x 412, 415 (6th Cir. 2018) (internal citations and quotations omitted). Here,

- 5 -

Elkins has failed to provide sufficient factual support to support his negligence and breach of warranty claims against Dunham's. As a result, it is hereby

**ORDERED** as follows:

1. Defendant Dunham's Athleisure Corporation's motion for judgment on the pleadings [Record No. 67] is **GRANTED**.

2. Plaintiff Elkins' claims for negligence and breach of implied warranty asserted against Dunham's are **DISMISSED**, with prejudice. Defendant Dunham's Athleisure Corporation is **DISMISSED** as a party to this action.

Dated: March 29, 2022.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky